AMOS et al. v. FISH et al.

No. 31178. Jan. 18, 1944.

*144 P. 2d 967.*

Allen G. Nichols, of Wewoka, and Marion R. Wells, of Seminole, for plaintiffs in error.

Sandlin & Balch, of Holdenville, A. C. Kidd, of Wewoka, and Hamilton & Hamilton, of Holdenville, for defendants in error.

GIBSON, V. C. J. This is a will contest case instituted originally in the county court of Seminole county. The contestants were the nieces and nephews of the testator. They were unsuccessful in the county court and in the district court, and now appeal here.

The contest is based on the alleged want of testamentary capacity, and on undue influence practiced upon the testator by a certain party.

The error assigned is that the judgment of the district court was against the clear weight of the evidence on those issues.

The assignment requires us to review the record to determine whether the judgment was against the clear weight of the evidence. If it was not, then we are to affirm it. In re Shipman's Estate, 184 Okla. 56, 85 P. 2d. 317.

The sole beneficiaries named in the will were the testator's wife and his alleged son by another woman. He had no other children or grandchildren. It is to the interest of contestants, they say, to have the will rejected and to cast devolution of the estate according to the laws of succession. Their position is that the alleged son was not the testator's child at all, but a nephew, and that on proper showing in an appropriate proceeding they should come into a portion of decedent's estate as his heirs at law.

Contestants fail to point out wherein they have established undue influence or want of testamentary capacity by a preponderance of the evidence. A will prepared in proper form (84 O. S. 1941 §55), and presented for probate, and, after due notice, proved by the attesting

witnesses as required by law (58 O. S. 1941 §§ 23, 28), is henceforth favored with the presumption of validity in every respect, and the burden then falls on the contestant to establish the grounds of his contest. 58 O. S. 1941 §§ 29, 41; In re Free's Estate, 181 Okla. 564, 75 P. 2d 476. Contestants have not set out in their brief sufficient of the evidence to show that the presumption was overcome.

However, we have reviewed the record and have found some evidence to indicate that the testator may not have been equal to the average in intellect with respect to the ordinary business affairs and the effect of wills and other conveyances. But there is ample evidence to show that he desired to pass all his estate to his wife and to another party said by him to be his son, and that he fully understood that the will as written would accomplish that end. Such disposition of his estate was entirely consistent with normal human desires and inclinations. There was ample and seeming forthright testimony that the testator understood and had in mind at least in a general way the nature and extent of his property; that he understood and had normal comprehension of his relations to those who naturally had some claim to his remembrance, and of those persons and things in which he had been chiefly interested. One possessed of those qualities has testamentary capacity. In re Lincoln's Estate, 185 Okla. 464, 94 P. 2d 227.

There is some evidence that the testator was in an ailing physical condition at the time he executed the will; and it may be that his mental faculties were somewhat impaired thereby, but there is also proof that he fully understood the significance of his acts. We consider the court's finding on that issue as well supported by the weight of the evidence. Ailing or weakened physical condition is not proof in itself of testamentary incapacity; in order to be of material worth it must be proved that such condition rendered the testator incapable of understanding the nature and consequences of his acts. In re Shipman's Estate, supra. The proof here may have met that rule, but, in the face of contrary proof, the weight thereof was not sufficient.

It is shown that the testator was a full-blood Seminole Indian. The will was prepared by a United States probate attorney in the manner and general form requested by the testator, and was approved in due form by the county judge as required by law. Interpreters employed by the Indian Agency interpreted the will to the testator's seeming satisfaction. The testimony shows overwhelmingly that the testator was of the mentality and general business ability of the average Seminole. We are aware of nothing to justify an assumption that the average Seminole Indian is without testamentary capacity.

Contestants believe that the decedent was under the influence of one Frazier Fish to such degree that his mind was not his own when he executed the will.

The evidence shows a close relationship existed between the testator and Fish, but there is no evidence to show that the relationship actually influenced the disposition of the property. Fish was shown to have no particular interest in the matter other than the remote fact that his brother was named in the will as a co-executor. Had Fish possessed the power, the opportunity, and even a motive to exercise undue influence on the testator, that alone will not permit the inference that such influence was in fact exercised. In re Riddle's Estate, 165 Okla. 248, 25 P. 2d 763. The outcome of the whole affair fails to indicate the accomplishment of a personal motive imposed on the testator by Fish.

The judgment is affirmed.

RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., and OSBORN and WELCH, JJ., absent.